1

2

3                                                                O

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    CENTRAL DISTRICT OF CALIFORNIA

10

11  N.L.A, a minor by and          )  Case No. CV 15-02431 DDP (GJSx)
    through her guardian,          )
12  MARICRUZ HERRERA,              )
    individually and as heir at    )
13  law successor in interest to   )
    NOEL AGUILAR, deceased; and    )
14  ELVIA AGUILARL,                )
    individually,                  )  **ORDER DENYING DEFENDANTS' MOTION**
15                                 )  **TO DISQUALIFY**
                      Plaintiff,   )
16                                 )
         v.                        )
17                                 )  [Dkt. 45]
    COUNTY OF LOS ANGELES;         )
18  ALBERT MURAD, an individual;   )
    JOSE RUIZ, an individual,      )
19                                 )
                      Defendants.  )
20                                 )
    _____    )
21

22      Presently before the court is Defendants' Motion to Disqualify

23  Opposing Counsel.  Having considered the submissions of the

24  parties, the court denies the motion and adopts the following

25  Order.

26  **I. Background**

27      Ariana Gebauer was an associate at the Law Offices of John

28  Burton and represented Plaintiff C.M.G., a minor, in the present

case.  (Declaration of Ariana Gebauer, ¶ 1.)  Between May 2014 and
November 2014, Ms. Gebauer was employed by Collins Collins Muir +
Stewart LLP (CCMS), a firm that represented Defendant County of Los
Angeles ("the County").  (Id. at ¶ 2.)  CCMS employed a hierarchal
firm structure in which a partner, a senior associate, and a junior
associate were usually assigned to a case.  (Id. at ¶ 5.)  Ms.
Gebauer was typically assigned to cases as the junior associate.
(Id.)  During the time of her employment at CCMS, CCMS represented
the County in N.G. v. County of Los Angeles, No. 13-cv-008312-SVW
("N.G. v. County"), a 42 U.S.C. § 1983 claim alleging unreasonable
use of force by the County and two individual Los Angeles County
Sheriff's Department ("LASD") deputies.  (Declaration of Catherine
Mathers, ¶ 4.)  Ms. Gebauer maintains that she was not assigned to
the case officially and never met with county representatives
outside of their capacity as witnesses.  (Id. at ¶¶ 6,7.)
Furthermore, she maintains that she did no significant work on any
LASD civil shooting cases.  (Id. at ¶ 8.)

　　　Ms. Gebauer's supervisor at CCMS, Ms. Mathers, the lead trial
attorney on the N.G. v. County case, alleges that Ms. Gebauer
worked closely with her on the case and drafted page line summaries
of the two individual defendants' testimonies.  (Decl. Mathers, ¶
5.)  Ms. Mathers claims that she told Ms. Gebauer confidential
information regarding the County's evaluation and defense of § 1983
claims while Ms. Gebauer was assisting her.  (Id. at ¶ 6.)  While
working with Ms. Mathers, Ms. Gebauer also had access to the entire
N.G. v. County case file.  (Declaration of Thomas Guterres, ¶ 7.)
While at CCMS, Ms, Gebauer also worked on three civil service

matters filed by deputies against the County.  (Decl. Gebauer, ¶ 8;
Decl. Mathers, ¶ 7.)

Upon leaving CCMS in November 2014, Ms. Gebauer joined Kessel
& Associates and worked there for approximately three months.
(Decl. Gebauer, ¶ 14.)  While at Kessel, Ms. Gebauer worked on two
cases in which the firm defended the County, neither of which
involved an excessive force allegation.  (Id.)

In May 2015, Ms. Gebauer joined the Law Offices of John
Burton.  (Id. at ¶ 15.)  Before hiring Ms. Gebauer, Mr. Burton
vetted her for any conflicts of interest.  (Declaration of John
Burton, ¶ 3.)  Once Mr. Burton determined no conflict existed, Ms.
Gebauer began working on the cases in his office, including this
case.  (Id. at ¶ 5.)  On January 6, 2016, Mr. Burton emailed all
attorneys of record in this case, informing them that Ms. Gebauer
would be handing discovery.  (Id. at ¶ 8, Ex. A.)  On January 26,
2016, during a teleconference with defense counsel, Ms. Gebauer
stated that she "knew the type and nature of confidential LASD
documents referenced within the Stipulation for Protective Order's
paragraph five, 'Good Cause Statement and Confidential Materials,'
because of her prior representation of Defendant County."
(Declaration Carmen Aguado, ¶ 3.)

Following this disclosure, defense counsel, Carmen Aguado,
began researching Ms. Gebauer's prior employment.  (Id. at ¶ 4.)
On March 25, 2016, Aguado sent Ms. Gebauer and Mr. Burton a meet
and confer letter outlining the grounds for this motion.
(Id. at ¶ 8.)  During this time, and up until March 28, 2016, Ms.
Gebauer and Mr. Burton continued to work on this case, including
responding to seventy-six requests for production of documents, one

1   hundred and three requests for admission, and twenty-fixe

2   interrogatories.  (Decl. Burton, ¶ 15.)

3        In July 2016, Ms. Gebauer accepted employment at the Riverside

4   County Public Defender's Office and has withdrawn as an attorney of

5   record on this case.  (Supplemental Decl. Ariana Gebauer, ¶¶ 2,3.)

6   Defendants now move to disqualify Ms. Gebauer's former employer,

7   the Law offices of John Burton, pursuant to California Rule of

8   Professional Conduct, 3-310 (E).

9   **II.  LEGAL STANDARD**

10       Motions to disqualify counsel are governed by state law.  <u>W.</u>

11  <u>Sugar Coop. v. Archer-Daniels-Midland Co.</u>, 98 F. Supp. 3d 1074,

12  1080 (C.D. Cal. 2015).  A trial court's power "to disqualify an

13  attorney derives from the power inherent in every court to control

14  in furtherance of justice, the conduct of its ministerial

15  officers."  <u>People ex rel. Dept. of Corporations v. SpeeDee Oil</u>

16  <u>Change Sys., Inc.</u>, 20 Cal. 4th 1135, 1145 (1999).  Under California

17  Rule of Professional Conduct 3-310 (E),

18       "A member shall not, without the informed written consent
         of the client or former client, accept employment adverse
19       to the client or former client where, by reason of the
         representation of the client or former client, the member
20       has obtained confidential information material to the
         employment."
21

22       Courts have recognized that conflicts arising from successive

    representation of clients with potentially adverse interests
23
    jeopardize the former client's confidentiality.  <u>See</u> <u>Flatt v.</u>
24
    <u>Superior Court</u>, 9 Cal. 4th 275, 282 (1995).  In reviewing a motion
25
    to disqualify, a court should consider "a client's right to chosen
26
    counsel, an attorney's interest in representing a client, the
27
    financial burden on a client to replace disqualified counsel, and
28

                                   4

1  the possibility that tactical abuse underlies the disqualification

2  motion." SpeeDee Oil, 20 Cal. 4th at 1145; W. Sugar Coop., 98 F.

3  Supp. 3d at 1080.  Where a former client seeks to disqualify an

4  attorney who successively represents a new client in a matter that

5  is adverse to the former client, a "substantial relationship" must

6  exist between the subject of the current litigation and prior

7  litigation.  Flatt, 9 Cal. 4th at 283; City and County of San

8  Francisco v. Cobra Solutions, Inc., 38 Cal. 4th 839, 847 (2006).

9  The substantial relationship test balances the new client's right

10 to counsel of choice and the former client's right to

11 confidentiality.  Flatt, 9 Cal. 4th at 283.

12      To determine whether a substantial relationship exists, the

13 court first determines whether there was a direct professional

14 relationship between the former client and the attorney.  Cobra

15 Solutions, 38 Cal. 4th at 847.  "A substantial relationship exists

16 where 'the attorney had a direct professional relationship with the

17 former client in which the attorney personally provided legal

18 advice and services on a legal issue that is closely related to the

19 legal issue in the present representation.'"  Khani v. Ford Motor

20 Company, 215 Cal. App. 4th 916, 920 (2013) (citing Jessen v.

21 Hartford Casualty Ins. Co. 111 Cal. App. 4th 698, 710-711 (2003)).

22 Where there is no direct professional relationship, "then the court

23 examines both the attorney's relationship to the prior client and

24 the relationship between the prior and the present representation."

25 Cobra Solutions, 38 Cal. 4th at 847.

26      In order for a substantial relationship to exist, information

27 "material to the evaluation, prosecution, settlement or

28 accomplishment of the former representation given its factual and

legal issues" must also be material to the present representation. *Khani*, 215 Cal. App. 4th at 921. General information about a former client's practices, including the client's litigation philosophy, that is not of critical importance does not warrant disqualification. *Id.*; *See also Farris*, 119 Cal. App. 4th at 680 ("[F]or example, the attorney's acquisition during the first representation of general information about the first client's 'overall structure and practices' would not of itself require disqualification unless it were found to be 'material' –i.e., directly in issue of critical importance–in the second representation.").

If a substantial relationship exists, the attorney is disqualified from representing the second client. *Cobra Solutions*, 38 Cal. 4th at 847 (Citing *Flatt*, 9 Cal. 4th at 283); *SpeeDee Oil*, 20 Cal. 4th at 1146. Additionally, the attorney's law firm is also presumed to have confidential information and is therefore vicariously disqualified from representing the second client. *Id.*

**III. Discussion**

As Ms. Gebauer is no longer employed by the Law Offices of John Burton (LOJB), the only question before the court is whether LOJB should be disqualified from the case due to Ms. Gebauer's prior work on the matter. In order to address this issue, the court must determine whether dismissing Ms. Gebauer would have been warranted had she continued her employment at the firm.

First, Defendants contend that, during her time at CCMS, Ms. Gebauer represented the County in matters that involved factual scenarios and legal issues similiar to those presented in the instant case. (Motion at 9:4-6.) Defendants argue that Ms.

1   Gebauer's involvement in N.G. v. County gave her access to the
2   County's litigation strategy and budget in defending §1983 cases.
3   (Id. at 9:20-21.)  Plaintiffs, however, contend that Ms. Gebauer
4   was never officially assigned to the case, and that her only role
5   in N.G. v. County was to summarize a few witness depositions, which
6   gave her no access to confidential information.  (Opposition at
7   3:6-17).

8        The court agrees with Plaintiffs' contention that in her
9   capacity on the case, Ms. Gebauer would not have encountered the
10  type of confidential information that would disqualify her from
11  representing Plaintiffs in this matter.  Because Ms. Gebauer was
12  never assigned to N.G. v. County, her relationship with the
13  Defendant County in that case was tangential.  Nor does Ms.
14  Gebauer's experience conducting initial client interviews with LASD
15  deputies in another matter related to a different section 1983
16  lawsuit (Zulma Trana v. County of Los Angeles, Case No. BC534547
17  (Gutteres Decl. ¶ 8)) constitute a "direct professional
18  relationship" with the County.  Therefore, the court must assess
19  the relationship between the prior and present representations.
20  Khani, 215 Cal. App. 4th at 920.

21       While Ms. Gebauer might have been exposed to some general
22  information about the County's approach to section 1983 cases
23  during her employment at CCMS, such general strategy is not of
24  critical importance and does not warrant dismissal.  Khani, 215
25  Cal. App. 4th at 921; Farris, 119 Cal. App. 4th at 680.  Although
26  N.G. v. County, like this case, was a § 1983 claim, the first case
27  was dissimilar, insofar as it involved different named-defendant
28  deputies from a different LASD substation and, significantly,

1   involved the shooting of a decedent who was already in custody.

2   (Decl. Gebauer, ¶ 7.)

3       Apart from arguments regarding Ms. Gebauer's work on <u>N.G. v.</u>

4   <u>County</u>, Defendants contend that Ms. Gebauer's representation of the

5   County in civil service matters involving LASD deputies, exposed

6   her to confidential information relating to LASD training on the

7   use of force.  (Mot. at 10:5-8; Gutteres Decl. ¶ 9).  However,

8   these cases were brought against the County by LASD deputies for

9   disciplinary actions taken against them for their use of excessive

10  force.  (Guterres Decl. ¶ 10.)  As such, the legal issues,

11  strategies, and facts of those cases are not related to the present

12  case.

13      Given the loose relationship between the cases Ms. Gebauer

14  worked on and the present case, it does not appear that Ms.

15  Gebauer's employment prior to working at LOJB made her privy to

16  information material to the disposition or settlement of this case.

17  Therefore, no substantial relationship exists between this case and

18  previous ones.

19      The lack of a substantial relationship between this case and

20  previous ones would not warrant the disqualification of Ms.

21  Gebauer.  Having determined that Ms. Gebauer would not be

22  disqualified from this case if she were still an employee with

23  LOJB, the court also finds that disqualification of the firm is

24  inappropriate.

25  //

26  //

27  //

28  //

8

**IV. Conclusion**

     For the reasons stated above, Defendants' Motion to Disqualify is DENIED.

IT IS SO ORDERED.

Dated: September 29, 2016

                                      DEAN D. PREGERSON
                                      United States District Judge